UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**GREAT AMERICAN INSURANCE COMPANY**  **PLAINTIFF**

v.         CASE NO. 4:10cv2036 BSM

**JIMMY MAY, d/b/a Harrison Taekwondo
Center; TANA LEA MAY, d/b/a Harrison
Taekwondo Center; CHOONG SIL
TAEKWONDO FEDERATION, INC.;
ROBERT HARDIN; ALISON HARDIN;
and ASHLEY TROCK**                    **DEFENDANTS**

## ORDER

Plaintiff Great American Insurance Company ("Great American") moves for entry of default judgment against separate defendant Jimmy May. [Doc. No. 16]. For the reasons set forth below, the motion will be treated as a motion for a clerk's default pursuant to Federal Rule of Civil Procedure 55(a) and will be referred to the clerk of court.

Federal Rule of Civil Procedure 55 contemplates a two-step process for the entry of default judgments. First, pursuant to Rule 55(a), the party seeking a default judgment must have the clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend. Second, pursuant to Rule 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule. *See Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 683 (N.D. Iowa 1995).

"Entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). *See also Hagen v. Sisseton-Wahpeton Cmty. College*, 205 F.3d 1040, 1042 (8th Cir. 2000). In this

case, there has been no entry of default. In the event a clerk's default is entered, Great American will have to seek a default judgment as provided for in Rule 55(b).

Accordingly, Great American's motion for default judgment [Doc. No. 16] will be construed as a motion for clerk's entry of default. The motion is referred to the clerk of the court for consideration of entry of a clerk's default.

IT IS SO ORDERED this 4th day of May, 2011.

_____
UNITED STATES DISTRICT JUDGE